IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| **JIN PARADA** <br> 640 Shore Forest Drive <br> Glen Burnie, Maryland 21060 <br><br> **Plaintiff,** <br><br> v. <br><br> **UNITED STATES OF AMERICA** <br>    Serve: **Kelly O. Hayes, Esq.** <br>          36 S. Charles Street, 4th floor <br>          Baltimore, Maryland 21201 <br>    Serve: **Catherine L. Kessmeier, Esq.** <br>          **General Counsel of the Navy** <br>          1000 Navy Pentagon, Room 4E782 <br>          Washington, D.C. 20350 <br>    Serve: **Pamela Bondi, Esq.** <br>          **U.S. Attorney General** <br>          950 Pennsylvania Avenue, NW <br>          Washington, D.C. 20530-0001 <br><br> **Defendant.** | Case No.: _____ |

## COMPLAINT

COMES NOW, the Plaintiff, Jin Parada, by and through counsel, Joseph M. Chandlee, and The Valente Law Group, who files this Complaint and, in support thereof, states as follows:

### PARTIES

1. That Plaintiff, Jin Parada (hereinafter "Plaintiff"), is a United States Citizen who is domiciled in Anne Arundel County, Maryland.

2. That the Defendant, United States of America (hereinafter "Defendant"), is a body politic, with the legal capacity to be sued under the Federal Tort Claims Act (FTCA), U.S. Code Ann. 28 U.S.C. §1346(b), §1402(b), §2401(b), and §§2671-2680.

## JURISDICTION AND VENUE

3.  That this Court has original jurisdiction of this claim of negligence pursuant to the Federal Tort Claims Act, 28 U.S.C. §1346(b).

4.  That venue is proper in this jurisdiction under 28 U.S.C. § 1402(b) in that the Plaintiff resides in the District of Maryland.

5.  That Defendant, United States of America, is made a party to this action due to the negligent acts and/or omissions by the Department of the Navy, an agency of the United States of America, by and through its agents, servants, and/or employees, while acting within the scope of their employment.

## PRE-SUIT REQUIREMENTS

6.  That Plaintiff has satisfied the prerequisites to suit specified by the Federal Tort Claims Act (FTCA), U.S. Code Ann. 28 U.S.C. §1346(b), §1402(b), §2401(b), and §§2671-2680, for the claim in this Complaint to which these laws apply.

7.  That Plaintiff, by and through counsel, filed an administrative claim with the Department of the Navy on or about April 2, 2024.

8.  That the Department of the Navy sent a letter dated April 3, 2025, advising that the Plaintiff's claim was denied.

9.  That Plaintiff, by and through counsel, files this Complaint having met all of the pre-suit requirements and the only proper defendant in this civil action is the United States of America.

## COUNT I
### (Negligence)

10. That Plaintiff asserts and realleges as set forth fully herein the allegations contained in paragraphs one (1) through nine (9) of this Complaint.

11. That on or about June 24, 2022, at approximately 7:16 a.m., Plaintiff was operating a motor vehicle on Jennifer Road at or near its intersection with Pavilion Parkway in Anne Arundel County, Maryland with a green traffic light governing his direction of travel

12. That on or about the same date and time, a federal employee, Daniel Luquette (hereinafter "Mr. Luquette"), was operating a U.S. Navy ambulance within the scope of his employment with the Department of Navy on Pavilion Parkway at or near its intersection with Jennifer Road, when Mr. Luquette failed to properly clear the intersection and entered the intersection with a red traffic light governing his direction of travel, thereby failing to yield the right of way to Plaintiff's vehicle, and negligently operated the vehicle into Plaintiff's vehicle, resulting in a collision between the two (2) vehicles.

13. That at all times relevant herein, Defendant, by and through its agent, servant, and/or employee, Daniel Luquette, had a duty to maintain a proper lookout, to exercise due care in the operation of the motor vehicle, to yield the right of way to Plaintiff's vehicle, to properly clear the intersection, to operate the vehicle in a safe and prudent manner, to drive at a speed in accordance with all prevailing road and/or traffic conditions, to maintain control over the motor vehicle at all times so as to avoid striking Plaintiff's vehicle, to drive in accordance with all prevailing Maryland traffic rules and regulations, to obey all traffic control devices, to pay full time and attention to the operation of the motor vehicle, and to otherwise act in a non-negligent manner.

14. That Defendant, by and through its agent, servant, and/or employee, Daniel Luquette, breached its aforementioned duties owed to Plaintiff in failing to maintain a proper lookout, in failing to exercise due care in the operation of the motor vehicle, in failing to yield the right of way to Plaintiff's vehicle, in failing to properly clear the intersection, in failing to operate

the motor vehicle in a safe and prudent manner, in failing to drive at a speed in accordance with all prevailing road and/or traffic conditions, in failing to maintain control over the motor vehicle at all times so as to avoid striking Plaintiff's vehicle, in failing to drive in accordance with all prevailing Maryland traffic rules and regulations, in failing to obey all traffic control devices, in failing to pay full time and attention to the operation of the motor vehicle, and in otherwise acting in a negligent manner.

15. That as a direct and proximate result of the negligent actions of Defendant, by and through its agent, servant, and/or employee, Daniel Luquette, Plaintiff received severe, painful and permanent injuries to his body, as well as severe and protracted shock to his nervous system, all of which have caused and will continue to cause him in the future great pain, suffering, mental anguish, and other non-economic damages.

16. That as a direct and proximate result of the negligent actions of Defendant, by and through its agent, servant, and/or employee, Daniel Luquette, Plaintiff has been forced to expend and will continue to expend in the future, large sums of money for hospitalization, x-rays, doctors, nurses, medical treatment, and medications for the treatment of the aforementioned injuries sustained by Plaintiff in this car crash.

17. That as a direct and proximate result of the negligent actions of Defendant, by and through its agent, servant, and/or employee, Daniel Luquette, Plaintiff was forced to miss time from his employment and suffered a loss of wages.

18. That at no time relevant hereto was Plaintiff contributorily negligent nor did he assume any risk.

WHEREFORE, Plaintiff, Jin Parada, prays for judgment against Defendant, United States of America, in the amount of Five Hundred Thousand ($500,000.00) plus interest and cost of this suit.

Respectfully Submitted,
THE VALENTE LAW GROUP

_____
Joseph M. Chandlee, #21288
2200 Defense Hwy., Suite 304
Crofton, Maryland 21114
(410) 451-1777
jchandlee@jpvlawgroup.com
*Counsel for Plaintiff*