UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JIN PARADA, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action EA-25-1891 |
| UNITED STATES OF AMERICA, | * | |
| Defendant. | * | |

**MEMORANDUM OPINION**

On June 11, 2025, Plaintiff Jin Parada initiated the above-captioned action against Defendant United States of America. ECF No. 1. Mr. Parada alleges a violation of the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 *et seq.*, in relation to a collision between his vehicle and an ambulance operated by an employee of the United States Department of Navy ("the Navy"). ECF No. 1 ¶¶ 2, 12. Pending before the Court is the United States' motion to dismiss, which is fully briefed. ECF Nos. 17–19. No hearing is necessary. Local Rule 105.6 (D. Md. 2025). For the reasons set forth below, the motion is granted.

**I.   BACKGROUND[1]**

Mr. Parada is a Maryland resident who was involved in a motor vehicle collision on the morning of June 24, 2022. ECF No. 1 ¶¶ 1, 11. At the time of the collision, Mr. Parada was driving through the intersection of Pavilion Parkway and Jennifer Road in Anne Arundel County, Maryland, with a green light governing his direction of travel. *Id.* at ¶ 12. An ambulance operated by Daniel Luquette, an employee of the Navy, entered the intersection with a red light governing its direction of travel. *Id.*; ECF No. 17-2. The two vehicles collided. ECF No. 1 ¶ 12.

---

[1] This factual summary is drawn from the allegations in the Complaint, which are accepted as true for the purposes of decided this motion. *Kerns* v. *United States*, 585 F.3d 187, 192 (4th Cir. 2009) (Fed. R. Civ. P. 12(b)(1) motion).

The United States asserts that the ambulance's emergency lights and siren were activated at the time it entered the intersection and at the time of the collision.  ECF Nos. 17-1 at 2, 17-2.[2]  Mr. Parada does not contest this assertion.  ECF Nos. 1, 18.

As a result of the collision, Mr. Parada suffered "severe, painful and permanent injuries to his body, as well as severe and protracted shock to his nervous system."  ECF No. 1 ¶ 15.  He alleges that Mr. Luquette, in the course of his employment with the Navy, negligently caused the collision.  *Id.* at ¶¶ 5, 12–17.  Mr. Parada submitted an administrative claim to the Navy as required by the FTCA (*id.* at ¶ 7; 28 U.S.C. § 2675(a)), which was denied in writing on April 3, 2025 (ECF No. 1 ¶ 8).  Mr. Parada therefore contends that he is entitled to relief under the FTCA (*id.* at ¶ 2) and seeks a judgment of $500,000.00 (*id.* at 5).

## II.    DISCUSSION

The United States moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that this Court lacks subject matter jurisdiction over Mr. Parada's claim.  ECF No. 17.  The United States asserts that it has not waived sovereign immunity as to Mr. Parada's claim because under Maryland law, which governs its liability in this case, operators of emergency vehicles who are providing emergency services are immune from negligence claims.  ECF No. 17-1 at 4–5.  Mr. Parada contends that Maryland law does not present a bar to his recovery under the FTCA.  ECF No. 18.

### A.    Standard of Review

"Federal courts are courts of limited jurisdiction" that "possess only that power authorized by Constitution and statute . . . , which is not to be expanded by judicial decree."  *Kokkonen* v. *Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations

---

[2] Page numbers refer to the pagination of the Court's Case Management/Electronic Case Files system (CM/ECF) printed at the top of the cited document.

omitted); *see also Strawn* v. *AT & T Mobility LLC*, 530 F.3d 293, 296 (4th Cir. 2008) ("We begin with the undergirding principle that federal courts, unlike most state courts, are courts of limited jurisdiction, created by Congress with specified jurisdictional requirements and limitations."). Therefore, "if Congress has not empowered the federal judiciary to hear a matter, then the case must be dismissed." *Home Buyers Warranty Corp.* v. *Hanna*, 750 F.3d 427, 432 (4th Cir. 2014); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The limited jurisdiction of federal courts places the burden on the party asserting a claim to allege—and, when challenged, establish—the court's subject matter jurisdiction over the pending claim. *Home Buyers Warranty Corp.*, 750 F.3d at 432.

Federal Rule of Civil Procedure 12(b)(1) provides that a party may move to dismiss a claim for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). There are two types of subject matter jurisdiction challenges, those that "attack the complaint on its face" and those that "attack the existence of subject matter jurisdiction in fact." *Mortensen* v. *First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). When presented with a facial challenge, "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns* v. *United States*, 585 F.3d 187, 192 (4th Cir. 2009). Thus, a plaintiff who faces a facial challenge to subject matter jurisdiction "is afforded the same procedural protection as . . . under a Rule 12(b)(6) consideration."[3] *Adams* v. *Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). Here, the United States has raised a facial challenge to subject matter jurisdiction. ECF No. 17-1 at 5–6. Accordingly, the Court assesses the sufficiency of the allegations in the Complaint, which are presumed to be true.

---

[3] A factual challenge to subject matter jurisdiction, however, permits the court to "go beyond the allegations of the complaint and in an evidentiary hearing determine if there are facts to support the jurisdictional allegations." *Adams* v. *Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).

## B. Subject Matter Jurisdiction

"Under settled principles of sovereign immunity, the United States, as sovereign, is immune from suit, save as it consents to be sued." *United States* v. *Dalm*, 494 U.S. 596, 608 (1990) (internal quotation marks and citation omitted); *Webb* v. *United States*, 66 F.3d 691, 693 (4th Cir. 1995). A sovereign immunity waiver "must be unequivocally expressed in statutory text" and it will "be strictly construed, in terms of its scope, in favor of the sovereign." *Lane* v. *Pena*, 518 U.S. 187, 192 (1996); *Welch* v. *United States*, 409 F.3d 646, 650-651 (4th Cir. 2005). Accordingly, any ambiguities must be construed in favor of immunity and exceptions to the conditions upon which the United States consents to be sued will not be implied. *United States* v. *Williams*, 514 U.S. 527, 531 (1995); *Lehman* v. *Nakshian*, 453 U.S. 156, 161 (1981).

The FTCA provides, in pertinent part, that the "United States shall be liable . . . in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. Thus, this statute "effects a limited waiver of the United States' sovereign immunity for 'personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment.'" *Welch*, 409 F.3d at 651 (quoting 28 U.S.C. § 1346(b)(1)). This waiver of sovereign immunity is limited by statutory and judicially created exceptions, the former of which is relevant to the case at bar.

The scope of the United States' liability in this case must be analyzed under Maryland law because "[c]ourts determine the Government's liability 'in accordance with the law of the place where the [negligent] act or omission occurred.'" *Cibula* v. *United States*, 664 F.3d 428, 430 (4th Cir. 2012) (quoting 28 U.S.C. § 1346(b)(1)). The United States correctly argues it is liable under the FTCA only if the federal employee who caused the harm would be individually liable in an analogous situation involving private actors. ECF No. 19 at 2; *Robertson* v. *United*

4

*States*, 144 F.4th 610, 614 (4th Cir. 2025) ("If that private party in like circumstances could not be held liable, then the United States has not waived its sovereign immunity.").

Here, Mr. Luquette would not be liable for Mr. Parada's injuries under Maryland law, which provides that "[a]n operator of an emergency vehicle, who is authorized to operate the emergency vehicle . . . , is immune from suit in the operator's individual capacity for damages resulting from a negligent act or omission while operating the emergency vehicle in the performance of emergency service." Md. Code Ann. Cts. & Jud. Proc. § 5-639(b)(1); *see also* Md. Code Ann. Transp. § 19-103(b) (incorporating by reference the immunity provided by Md. Code Ann. Cts. & Jud. Proc. § 5-639(b)). Operating an ambulance with activated emergency lights and sirens falls within the scope of this statutory immunity. Md. Code Ann. Cts. & Jud. Proc. § 5-639(a)(2)–(3) (incorporating by reference the definitions of "emergency service" and "emergency vehicle" in Md. Code Ann. Transp. §§ 19-103; 11-118); Md. Code. Ann. Transp. § 19-103(a)(2)(i) (defining "[e]mergency service" to include "[r]esponding to an emergency call"); Md. Code Ann. Transp. § 11-118 (defining "emergency vehicle" to include ambulances). Maryland law also provides that "[a]n owner or lessee of an emergency vehicle, including a political subdivision," remains liable for negligent acts or omissions of the operators of emergency vehicles. Md. Code Ann. Cts. & Jud. Proc. § 5-639(c)(1).

Here, Mr. Parada has not sued the ambulance driver in his individual capacity; he has sued the United States. The United States is therefore analogous to a private owner of the ambulance, not the private operator of the vehicle.[4] *See*, *e.g.*, *Robertson* v. *United States*, 144

---

[4] The United States interprets Mr. Parada's argument that Maryland law does not shield emergency vehicle owners, such as the Navy, from liability as asserting "a standalone claim 'for vicarious liability against the United States,'" which is not cognizable under the FTCA. ECF No. 19 at 2 (quoting *Claridy* v. *United States*, Civil Action No. SAG-24-1098, 2025 WL 2695695, at *3 (D. Md. Sept. 22, 2025)). Unlike the *Claridy* plaintiff, however, Mr. Parada does not advance a "standalone" vicarious liability claim; instead, he relies on the FTCA to advance his negligence claim. *Claridy*, 2025 WL 2695695, at *3; ECF No. 1.

F.4th 610, 613, 615-616 (4th Cir. 2025) (concluding in an FTCA suit alleging negligence by a military intelligence agency employee that the analogous private party was "a large private sector intelligence enterprise" rather than a private employee). A similarly situated private owner would not be entitled to immunity under Maryland law. This does not, however, end the analysis. The FTCA also provides that "the United States shall be entitled to assert any defense based upon judicial or legislative immunity which otherwise would have been available to the employee of the United States whose act or omission gave rise to the claim." 28 U.S.C. § 2674. Thus, regardless of the applicable private party comparator, the FTCA preserves the United States' ability to assert the statutory immunity defense available to the ambulance driver under Maryland law. *Monestime* v. *Connelly*, Civil Action No. 1:21-cv-10403-IT, 2024 WL 3293812, at *7 (D. Mass. July 3, 2024) (noting that "[u]nder the FTCA, the United States has both the benefits and the exposure of being liable 'in the same manner and to the same extent as' its employees") (quoting 28 U.S.C. § 2674); *DuBose* v. *United States*, No. 23-CV-4374, 2024 WL 100202, at *2 (E.D. Pa. Jan. 9, 2024) ("[T]he FTCA allows the United States to rely upon the immunities of its employees."); *see also Simmons* v. *Baltimore City Police Dep't*, Civil Action No. RDB-21-0969, 2021 WL 3418840, at *15 (D. Md. Aug. 5, 2021) (quoting *Boyer* v. *State*, 593 A.2d 121, 131 (Md. 1911)) (interpreting Md. Code Ann. Transp. § 19-103(b) as "'flatly render[ing]'" operators of emergency vehicles immune from negligence suits). The United States has not waived sovereign immunity as to Mr. Parada's FTCA claim, and this Court lacks subject matter jurisdiction to adjudicate it.

### III.   CONCLUSION

For the foregoing reasons, the United States' motion to dismiss (ECF No. 17) is granted.

A separate Order follows.


Date: October 27, 2025                                                  /s/
                                                            Erin Aslan
                                                            United States Magistrate Judge